IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| EBENEZER KOLAJO, <br> 5672 Infinity Lane, Unit 211, <br> Virginia Beach, Virginia 23464 <br><br> *Plaintiff*, <br><br> v. <br><br> RADFORD UNIVERSITY, <br> 801 E. Main Street <br> Radford, Virginia 24142, <br><br>   Serve University President: <br><br>   Dr. Brian O. Hemphill <br>   Radford University <br>   801 East Main St. <br>   Radford, Virginia 24142, <br><br>   and <br><br> KENNA COLLEY, <br> 2801 Shadow Lake Road <br> Blacksburg, Virginia 24060, <br><br> *Defendants*. | Civil Action No. 7:19cv408 |

**CIVIL COMPLAINT FOR EQUITABLE
AND MONETARY RELIEF AND DEMAND FOR JURY**

Plaintiff Ebenezer Kolajo brings this civil complaint against Defendant Radford University for illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and for breach of contract in violation of Virginia common law. Kolajo also brings suit against Defendant Kenna Colley in both her individual and official capacity for illegal discrimination in violation of 42 U.S.C. §§ 1981 and 1983, *et seq.*

1

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the state claim arises from facts that form part of the same case or controversy as the federal claims.

3. This Court has personal jurisdiction over Defendants because they have substantial and deliberate contacts with the Commonwealth of Virginia.

4. Venue is proper in this Court under 28 U.S.C. § 1391(c) and 1395(a) because the complained-of illegal conduct occurred within this judicial district and because Radford regularly and/or systematically conducts affairs or business activities within this judicial district.

5. On October 11, 2018, Kolajo filed a complaint of discrimination on the basis of race and national origin with the U.S. Equal Employment Opportunity Commission.

6. One hundred and eighty days has passed since Kolajo filed his complaint of discrimination.

7. On May 21, 2019, Kolajo received a letter dated May 8, 2019 from the U.S. Department of Justice, Civil Rights Division, notifying him of his right to institute a civil action under Title VII against Radford within 90 days of Kolajo's receipt of the letter.

8. 90 days from May 8, 2019, the date of the letter, is August 6, 2019. 90 days from May 21, 2019, the date on which Kolajo received the letter, is August 19, 2019.

**PARTIES**

9. Kolajo is a resident of Virginia Beach, Virginia, and worked as an Assistant Provost for Academic Assessment at Radford from on or about January 2013 until on or about

June 8, 2018.

10. Defendant Radford University is a public university, based in Radford, Virginia, that enrolls about 10,000 students.

11. Defendant Kenna Colley is a resident of Blacksburg, Virginia, and at all times relevant to this Complaint served as the Interim Provost of Defendant Radford University.

## FACTUAL ALLEGATIONS

12. Kolajo is a sixty-six year old Nigerian American who speaks with an accent. Kolajo has a Doctor of Philosophy and Master of Science degree from Auburn University and a Master of Business Administration from Georgia State University.

13. In or about January 2013, Radford hired Kolajo as the Assistant Vice Provost for Academic Assessment. In this role, Kolajo ensured that Radford met all relevant accreditation standards.

14. Radford's offer letter to Kolajo stipulated that his employment was subject to a twelve-month contract governed by the Radford Handbook. The Radford Handbook dictates that continued employment is based on "[j]ob performance at a high level of productivity, effectiveness and continued need by the University."

15. Thereafter, Radford annually renewed Kolajo's contract.

16. As Assistant Vice Provost, Kolajo reported to the Provost as his first line supervisor, and Kolajo consistently earned outstanding performance reviews.

17. For example, in or about July 2014, Sam Minner, the Provost at the time, rated Kolajo as "very good." Minner stated that Kolajo had "brought deep expertise to the assessment enterprise and [has] managed and led the unit very well."

18. In or about July 2016, Joseph Scartelli, the Provost at the time, rated Kolajo's

performance as "consistently above standards," the highest possible rating.

19. On or about December 9, 2013, the Southern Association of Colleges and Schools Commission on Colleges (SACSCOC)—Radford's accrediting agency—notified Radford that it no longer needed to regularly monitor Radford's accreditation metrics because of Kolajo's work, and Provost Minner thanked Kolajo and his team for this accomplishment.

20. In October 2017, Radford's President appointed Kenna Colley, a Caucasian female, as Interim Provost. Before becoming Provost, Colley was an Associate Professor at Radford and for a short time after that she was a Dean at Radford.

21. During Kolajo and Colley's first meeting after she became Interim Provost, Colley heaped criticism on Kolajo's department. In response, Kolajo told Colley, "Tell me what is wrong. I'm here to support you." Colley told Kolajo that things needed to change but did not provide any specific details.

22. In November 2017, Colley hired Mel Fox as the Interim Associate Director, a position that reported to Kolajo and for which Kolajo had hiring authority.

23. Colley hired Fox without consulting Kolajo even though the Provost does not normally hire staff for the departments she oversees.

24. Colley then changed the Associate Director's reporting structure so that Fox reported to the Director in Kolajo's department and not to Kolajo. Again, Colley did not discuss this change with Kolajo.

25. Fox is the wife of the Radford Faculty Senate president. Fox had previously twice applied for the position, but she was not selected by the search committee for an interview.

26. Colley frequently made comments to Kolajo that she could not understand him because of his accent.

27. During Kolajo's one-on-one weekly meetings with Colley, Colley corrected Kolajo's pronunciation many times.

28. During Academic Affairs Leadership Team meetings, Colley interrupted Kolajo and spoke on his behalf even when she did not know what Kolajo wanted to discuss. Colley did not interrupt anyone else or try to speak on their behalf during these meetings.

29. Colley periodically met with Kolajo's staff without Kolajo's knowledge in ways that undermined Kolajo's authority. In a February 22, 2018 meeting, Kolajo raised this issue with Colley, who confirmed she was meeting with Kolajo's staff and advised him to "let it go."

30. On March 22, 2018, Colley met with Kolajo and scolded him for not smiling or clapping when his team presented at the Academic Affairs Leadership Team meeting on March 14, 2018. Kolajo did not understand why Colley thought he was not being enthusiastic enough in supporting his team members.

31. In or about January 2018, Radford announced a merger with Jefferson College of Health Sciences, a small, private college in Roanoke. The merger is set to be completed in the summer of 2019, and Radford set up academic program and accreditation committees in anticipation of the merger.

32. In or around March 2018, Colley selected Sandra Baker, who is at a level below Kolajo, to lead the accreditation committee. Colley appointed Baker even though Kolajo represented Radford in the existing Academic Program Review Committee and served as Radford's accreditation liaison for SACSCOC. Colley made this decision without consulting Kolajo.

33. On or about May 8, 2018, Colley emailed Kolajo and Baker to initiate the process to advertise the Associate Director position held by Fox in Kolajo's department.

5

34. On or about May 11, 2018, Radford renewed Kolajo's employment for another year. The contract term was from June 25, 2018 through June 24, 2019.

35. Shortly thereafter, on June 8, 2018, Colley called Kolajo into her office and handed Kolajo a letter stating that, effective immediately, Radford had eliminated his position.

36. Defendants then offered Kolajo ninety days salary, which is the minimum required per the Radford Handbook when a contract ends because a position is eliminated.

37. Radford did not eliminate the positions of similarly situated employees. Radford did not eliminate the Assistant Provost for Academic Programs position held by Jeanne Mekolichick, a Caucasian female and a natural born U.S. citizen. Radford did not eliminate the Assistant Provost for Academic Operations position held by George Santopietro, a Caucasian male and a natural born U.S. citizen. Both of these positions report to Colley.

38. Had Defendants not renewed Kolajo's contract on May 11, 2018, less than a month before informing him that his position had been eliminated, then, per the Radford Handbook, Radford would have been required to pay Kolajo twelve months salary.

39. The reasons given by Defendants for eliminating Kolajo's position were pretext for discrimination based on Kolajo's race and national origin.

40. Ann Marie Klotz, a Caucasian female, worked at Radford for eight months and was paid a year of her salary after her separation.

41. Graham Glynn, a Caucasian male, was the Provost for less than four months and was paid a year of his salary after his separation.

42. Throughout the summer of 2018, Radford issued several press releases about its merger with Jefferson College, specifically stating that its Human Resources department was in the beginning stages of reviewing personnel and position redundancies as the two entities

worked toward the merger.

43. As the result of Defendants' actions, Kolajo has suffered monetary damages, mental anguish, and damage to his reputation, and he will continue to sustain damages into the future.

**COUNT I**
**Race Discrimination**
**Violation of Title VII**
**42 U.S.C. § 2000e, *et seq.***
**Against Defendant Radford University**

44. Kolajo incorporates the allegations in the foregoing paragraphs as though alleged herein.

45. Kolajo is black and a Nigerian American.

46. Kolajo is an "employee" as the term is defined at 42 U.S.C. § 2000e(f).

47. Radford is an "employer" as the term is defined at 42 U.S.C. § 2000e(b).

48. Radford violated 42 U.S.C. § 2000e, *et seq.*, when it terminated Kolajo because he is black and a Nigerian American.

49. Radford unlawfully discriminated against Kolajo by only eliminating his position at Radford, but not the position of similarly situated Caucasian employees.

50. The reasons for terminating Kolajo are false and are pretext for unlawful discrimination.

51. Kolajo has exhausted his administrative remedies under Title VII.

52. For Radford's unlawful discrimination against Kolajo, pursuant to Title VII, Kolajo is entitled to general and special damages, economic damages including front and back pay, reinstatement, promotion, compensatory damages, reasonable attorney's fees to be paid by Radford, as well as his costs and any other legal and/or equitable relief that this Court deems

appropriate.

## COUNT II
### National Origin Discrimination
### Violation of Title VII
### 42 U.S.C. § 2000e, *et seq.*
### Against Defendant Radford University

53. Kolajo incorporates the allegations in the foregoing paragraphs as though alleged herein.

54. Kolajo is black and a Nigerian American. He speaks with an accent.

55. Kolajo is an "employee" as the term is defined at 42 U.S.C. § 2000e(f).

56. Radford is an "employer" as the term is defined at 42 U.S.C. § 2000e(b).

57. Radford violated 42 U.S.C. § 2000e, *et seq.*, when it terminated Kolajo because he is black and a Nigerian American.

58. Radford unlawfully discriminated against Kolajo by only eliminating his position at Radford, but not eliminating the position of any similarly situated employees who were born in the United States.

59. The reasons for terminating Kolajo are false and are pretext for unlawful discrimination.

60. Kolajo has exhausted his administrative remedies under Title VII.

61. For Radford's unlawful discrimination against Kolajo, pursuant to Title VII, Kolajo is entitled to general and special damages, economic damages including front and back pay, reinstatement, promotion, compensatory damages, reasonable attorney's fees to be paid by Radford, as well as his costs and any other legal and/or equitable relief that this Court deems appropriate.

**COUNT III**
**Discrimination under Color of Law**
**42 U.S.C. § 1981 and § 1983, *et seq.***
**Against Defendant Colley**

62. Kolajo incorporates the allegations in the foregoing paragraphs as though alleged herein.

63. 42 U.S.C. § 1981 creates the statutory right to be free from racial discrimination with regard to a contract of employment and 42 U.S.C. § 1983 creates the remedy. Section 1981 guarantees freedom from racial discrimination in the making, enforcement, performance, modification, and termination of contracts.

64. To prove a § 1983 claim, the plaintiff must allege that (1) a person has deprived him of a federal right and (2) the person who deprived him of that right acted under color of state law.

65. A state actor acting in her individual capacity is a person under the statute when sued for injunctive relief.

66. Kolajo is black and a Nigerian American.

67. Colley discriminated against Kolajo by terminating only his position at Radford, but not eliminating the position of any similarly situated white employees.

68. Radford permitted and tolerated Colley's discriminatory treatment of Kolajo by following Colley's recommendation to eliminate Kolajo's position.

69. Colley's discrimination interfered with Kolajo's right to contract.

70. Colley's actions give rise to a reasonable inference of unlawful discrimination.

71. Colley, as a state university official, acted under color of law in her discrimination of Kolajo.

72. Kolajo has sustained damages as a result of Colley's illegal discrimination in

violation of § 1981, including lost wages, lost bonuses, damage to his career, and emotional, mental, and physical distress and anxiety.

73. Kolajo is entitled to such legal or equitable relief that will effectuate the purposes of § 1981, including economic and compensatory damages, and reasonable costs and attorney's fees.

74. Kolajo seeks prospective injunctive relief from Colley in her official capacity as the Provost of Radford University. Kolajo seeks reinstatement and other such equitable relief that will effectuate the purposes of § 1981.

### COUNT IV
### Breach of Contract
### Virginia Common Law
### Against Defendant Radford University

75. Kolajo incorporates the allegations in the foregoing paragraphs as though alleged herein.

76. Radford had a legally enforceable obligation to Kolajo when, on May 11, 2018, it signed a contract renewing Kolajo's contract for a year from June 25, 2018 through June 24, 2019.

77. Radford breached this contract when it notified Kolajo less than one month later that it had abolished his position.

78. Radford breached this contract in bad faith because if Radford had not renewed Kolajo's contract less than a month before his termination, Kolajo would have received twelve months' severance. By abolishing Kolajo's position, Radford acted in bad faith to reduce his severance to three months.

79. Kolajo was injured by this breach of obligation because he did not receive the twelve months of salary he would have received had Radford not renewed his contract. Kolajo

has also suffered harm to his professional career as an academic administrator and has lost identifiable professional opportunities.

80. Kolajo is entitled to damages flowing from the bad faith breach of contract including compensatory and consequential damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ebenezer Kolajo respectfully requests that the Court enter judgment in his favor and award him the following relief:

A. Judgment against Defendants in an amount of any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff, including economic damages, liquidated damages, compensatory and punitive damages to be determined at trial;

B. Re-employment, reinstatement, promotion, front pay, or other equitable relief;

C. Pre-judgment interest;

D. Interest due on unpaid wages;

E. A reasonable attorney's fee and costs of this litigation;

F. Reasonable expert witness fees; and

G. Any other relief that this Honorable Court deems just and proper to award.

## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

        Respectfully submitted,

        /s/ John T. Harrington
        R. Scott Oswald, Esq.,
        VA Bar No. 41770
        John T. Harrington
        VA Bar No. 76008
        The Employment Law Group, P.C.
        888 17th Street, NW, 9th Floor
        Washington, D.C. 20006
        (202) 261-2830
        (202) 261-2835 (facsimile)
        soswald@employmentlawgroup.com
        tharrington@employmentlawgroup.com